# MINNIE P. RAYMOND, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

## St. Louis Court of Appeals, December 18, 1900.

1. **Insurance: POLICY, NON-FORFEITABLE AFTER PAYMENT OF THREE ANNUAL PREMIUMS: STATUTORY CONSTRUCTION.** The statute in force in 1894 rendered life insurance policies upon which three annual premiums had been paid, non-forfeitable for failure to pay subsequent premiums, except in certain specified cases.

2. ———: ———: ———: **REPEAL OF STATUTE.** And these specified cases have been abrogated by sections 7897-7900, Revised Statutes 1899.

3. ———: ———: **FORFEITURE OF INSURANCE POLICY ON NON-PAYMENT OF NOTE.** Where a contract of insurance recites that a policy of insurance is to be forfeited for non-payment of a note given to an insurance company to pay the premiums upon insurance, the policy is not *ipso facto* forfeited by the mere non-payment of the note according to its tenor, but the insurance company if it desires to rely upon the forfeiture for such non-payment must so declare to the policyholder.

4. ———: ———: **COLLATERAL CONTRACT, CONSTRUCTION OF: SURRENDER OF POLICY.** In the case at bar the terms of the collateral contract entered into with the insurance company at the time the policyholder gave his note to the company show that the transaction was merely a loan, and that the policy was delivered as collateral security to the company, or in the words of the contract, "the balance of the surrender value beyond the amount of the loan" on non-payment of the note should be paid over to the beneficiaries.

5. ———: ———: ———. And there was no surrender *in toto* of the policy to the company at the time the loan was affected.

Appeal from the St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft*, Judge.

AFFIRMED.

*Charles M. Napton* for appellant.

(1) The agreement between the parties, that a failure to pay the $16 note at maturity should operate as an effective surrender and cancellation of the policy, was valid and binding. Barnes v. Ins. Co., 30 Mo. App. 539; Dicks v. Ins. Co., 34 Mo. App. 31; Sauner v. Ins. Co., 41 Mo. App. 480; Wallingford v. Ins. Co., 30 Mo. 46. (2) I do not here insist that this policy contained "an unconditional surrender value at least equal to the net single premium for the temporary insurance provided for hereinbefore," to use the language of the first exception in section 5859, and which was the fact in the Price case *ante,* but there was evidence tending to show that it was surrendered for an adequate consideration, which would likewise exempt the policy from the provisions of section 5856. Section 5859 was amended in 1895—Acts, p. 197; but the amendment does not affect this policy. (3) There was nothing illegal in the contract entered into between the parties. There is no statute which makes such a contract void. Voluntarily and of their own free will they agreed that the surrender of the policy, when the note was given, should become effective and complete if they failed to pay the note at its maturity. There is no doubt they so agreed; there is no doubt they failed to pay the note, and I can find no statute which renders such a contract void or which declares it against public policy. Price v. Ins. Co., 48 Mo. App. 281; Equitable Life v. Clements, 140 U. S. 226. (4) In order to obtain the money it was necessary for the insured

to surrender the policy for its full value, and agree that the surrender should be final if the note were not paid at maturity.   This is what he did.   The status of the parties thereafter was governed by the last clause of section 5859, Revised Statutes 1889, which provides that when such a surrender is made the policy is not governed by section 5856.   If there had been no surrender of the policy and no note given, and the last premium had been paid May 18, 1889, the policy would have been governed by the provisions of section 5856, but the facts here are different, and the judgment of the circuit court was for the wrong party.

*Frederick A. Wind* and *John F. Green* for respondent.

(1) The note and collateral contract do not constitute a surrender for a consideration adequate in the judgment of the legal holder thereof.  R. S. 1889, sec. 5859.   Because there was no immediate surrender and cancellation of the policy but, on the contrary, $12.16 was immediately applied to the payment of the premiums due and to become due— both parties contemplating a continuance of the policy in full force and effect.   Because it is obvious that the transaction was a loan, evidenced by the note, with the policy as collateral security.   Pitt v. Berkshire Ins. Co., 100 Mass. 500; Franklin Life Ins. Co. v. Wallace, 93 Ind. 7.   (2) Failure to pay the note at maturity did not operate as a forfeiture of the policy and all rights thereunder.   Pitt v. Ins. Co., 100 Mass. 500; Russum v. Ins. Co., 1 Mo. App. 228; Dutcher v. Ins. Co., 95 U. S. 269; Hull v. Ins. Co., 39 Wis. 397.   (3) The policy did not contain a provision for unconditional cash surrender value at least equal to the net single premium for temporary insurance as provided in section 5859, Revised Statutes 1889.   Cravens v. New York Life Ins. Co., 148 Mo. 610.

BOND, J.—On the 18th of May, 1894, defendant, a corporation, issued to plaintiff a policy of insurance on the life of her husband in the sum of $1,000. The premiums of $5.68 were payable quarterly on the 18th of May, August, November and February of each year. These were regularly paid by the assured up to and including the one due May 18, 1898. In order to make this and the next preceding payment of February 18, 1898, plaintiff and her husband borrowed from defendant $16, receiving for this sum quarterly premium receipts for February 18 and May 18, 1898, for $5.68 each, and $3.84 in cash, total $15.20, which with the five per cent deducted from the face of the loan, to wit, 80 cents, made up the sum borrowed. To secure the same plaintiff and her husband executed the following note and contract:

"February 24, 1898.

"$16.00.

"One year after date we promise to pay to the order of the Metropolitan Life Insurance Company at their office in New York City, sixteen dollars with interest at the rate of five per cent per annum, being the amount of loan made upon the value of policy No. 74684 A., issued by said company on the life of Edwin W. Raymond, and hereby made a first lien on the sum insured thereunder until paid.

"And we hereby surrender to said company said policy and all profits thereon, the surrender to take effect only upon the nonpayment of the above loan when due; or at maturity if payment be extended, or upon the nonpayment of premiums on said policy when due; and in case of such nonpayment on either of them, we authorize the company to indorse a proper surrender and receipt on the policy, the balance, if any, of the surrender value beyond the amount of above loan and accrued interest to be paid over to us." Neither the above note nor the premiums accruing on the policy August 18,

1898, and thereafter were ever paid. The assured died March 28, 1899. It was shown by expert testimony that the balance of the net value of the policy in suit, after deducting the above note, computed as prescribed in section 7897, Revised Statutes 1899, would suffice to purchase temporary insurance for the full amount of the policy for a term of one year and 134 26-100 days after 18th of May, 1898, the date of last payment of premiums. It was further shown that prior to this loan the loan value of the policy was $16, but after the payment of the two premiums with borrowed money its loan value was increased to $23. Defendant did not indorse receipt and surrender on the policy nor did it tender any balance of surrender value of the policy under the provisions of the foregoing collateral contract.

Under these facts the court rendered judgment for plaintiff. Defendant appeals and assigns for error the refusal of declarations of law to the effect that nonpayment of the note of itself worked a forfeiture of the policy, and that there was substantial evidence that the policy in suit was surrendered to the company for a consideration adequate in the judgment of the legal holder.

There was no error in the refusal of these two declarations under the uncontroverted facts and the applicatory law. The statutes of this State in force when this policy was issued render life insurance policies upon which three annual premiums had been paid, nonforfeitable for failure to pay subsequent premiums, except in certain specified instances not shown by the proof in this record. Revised Statutes 1889, sections 5856-5859. Even these exceptions have been abrogated by the present statutes, Revised Statutes 1899, sections, 7897-7900. For this reason, and from the further fact that defendant did not declare a forfeiture for nonpayment of the note and tender the balance of the surrender value of the

policy, the court did not err in refusing the first declaration of law requested by defendant to the effect that the policy was *ipso facto* forfeited by the mere nonpayment of the note for which it was a collateral security.

The court was also right in refusing to declare there was any evidence that the policy in suit was surrendered or sold to the company for a full consideration to the holder. The terms of the contract and note utterly disprove this notion. They show conclusively that the transaction evidenced by them was merely a loan, and that the policy was delivered as collateral security upon an express agreement that the surplus of the collateral security, or in the words of the contract, "the balance of the surrender value beyond the amount of the loan," on nonpayment of the note, should be paid over to plaintiff and her husband. This language completely negatives the idea that there was any present sale or surrender *in toto* of the policy at the time the loan was effected. The judgment in this case is manifestly right, and is affirmed. All concur.